■ JOHN R. FARRETT, Respondent, v DARLENE E. FARRETT, Appellant.—In an action to recover damages, *inter alia,* for breach of a separation agreement, the defendant wife appeals from a judgment of the Supreme Court, Orange County (Zeck, J. H. O.), dated March 13, 1987, which, after a nonjury trial, is in favor of the plaintiff husband and against her in the principal sum of $3,780.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, with costs, and the matter is remitted to the Supreme Court, Orange County, for further proceedings consistent herewith.

Pursuant to the instant separation agreement, the plaintiff husband was entitled to reduce his obligation to pay spousal support of $45 per week if the defendant wife's "net weekly income" exceeded $65 per week. The reduction in support was to be equal to 50% of the dollar amount that the "net weekly income" exceeded $65 per week. After trial, the court determined that the defendant wife's net income exceeded the base amount to such an extent that the plaintiff husband was

entitled to full reimbursement for all of the spousal support that he paid to his wife from August 1977 to March 1979.

The defendant wife contends that the court's findings are against the weight of the evidence. However, after reviewing the record, we are unable to conclude whether the court's findings were supported by the credible evidence. In this regard, we note that the court did not make specific factual findings as to the defendant wife's net salary during the time period in question. Moreover, there was no proof adduced as to the amounts paid by the defendant wife pursuant to her obligation to continue payments on the outstanding indebtedness encumbering the parties' home and trailer. On remittal, the court must consider these payments in determining the amount of the defendant wife's net weekly income. Accordingly, the matter must be remanded to the trial court to make new factual findings concerning the amount of the defendant wife's "net weekly income".

We have considered the parties' remaining contentions and find them to be without merit. Mollen, P. J., Kunzeman, Weinstein and Rubin, JJ., concur.